1   SIDNEY J. COHEN, ESQ., State Bar No. 39023
    SIDNEY J. COHEN PROFESSIONAL CORPORATION
2   427 Grand Avenue
    Oakland, CA 94610
3   Telephone: (510) 893-6682
    Facsimile: (510) 893-9450
4
    Attorneys for Plaintiff
5   Hollynn Delil

6                    UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8   HOLLYNN DELIL                        CASE NO.
                                         Civil Rights    C11-02929
9        Plaintiff,
                                         COMPLAINT FOR PRELIMINARY
10                                       AND PERMANENT INJUNCTIVE
                                         RELIEF AND DAMAGES;  DENIAL
11  v.                                   OF CIVIL RIGHTS AND PUBLIC
                                         FACILITIES TO PHYSICALLY
12  EASTOPEN, INC; and DOES 1-           DISABLED PERSONS, (§§ §51,
    25, Inclusive,                       §52,§52.1 54, 54.1, 55 CIVIL CODE;
13                                       §19955 ff HEALTH & SAFETY
         Defendants.                     CODE); INJUNCTIVE  RELIEF PER
14  _____/      TITLE III, AMERICANS WITH
                                         DISABILITIES ACT OF 1990, 42 USC
15                                       §§12181. et. seq.

16                                       **DEMAND FOR JURY TRIAL**

17                                                        ADR
18
19
20
21
22
23
24
25
26
27
28

                              -1-

Plaintiff Hollynn Delil complains of Defendants above named, and each of them, and  alleges as follows:

### FIRST CAUSE OF ACTION:  DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION
### (§§19955 Et.  Seq., Health & Safety Code,§§ 51 Et. Seq. and 54, Et. Seq. Civil Code)

1.      Ms. Delil is a "person with a disability" or "physically handicapped person." Ms. Delil  requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair.

2.      **SUMMARY**: This case involves the denial of disabled accessible parking, paths of travel,  entrances, restaurant, counters,  seating, public restrooms, guest rooms,  signage,  and related facilities to Ms. Delil and other  disabled persons at the Whitcomb Hotel and adjacent parking lot (the "Hotel") at 1231Market Street, San Francisco, California 94103. Ms. Delil  was denied equal protection of the law and was denied Civil Rights under both California law and federal law.  Ms. Delil was denied her rights to full and equal access at the Hotel because it was not, and is not, properly accessible to disabled persons such as Ms. Delil who use wheelchairs. Ms. Delil seeks injunctive relief to require that  Defendants make the Hotel accessible to disabled persons and to ensure that any disabled person who use the Hotel  will be provided accessible parking, paths of travel,  entrances, restaurant, counters, seating, public restrooms, guest rooms,  signage,  and related facilities. Ms. Delil also seeks recovery of damages for her injuries and discriminatory experiences  and  reasonable attorneys' fees, expenses, and costs.

3.      **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including

1  but not limited to violations of California Government Code §4450, *et. seq*., Health
2  & Safety Code §19955 *et seq*., including §19959; Title 24 California Code of
3  Regulations; and California Civil Code §§ 51,§52, 52.1 54, 54.1 and 55.

4      4.    **VENUE:**    Venue is proper in this court pursuant to 28 USC 1391(b)
5  and is founded on the fact that the real property which is the subject of this action is
6  located in this district and that Ms. Delil's causes of action arose in this district.

7      5.    **INTRADISTRICT:** This case should be assigned to the San Francisco
8  intradistrict as the real property which is the subject of this action is located in said
9  intradistrict and Ms. Delil's causes of action arose in said intradistrict.

10     6.    Defendants and DOES 1-10, Inclusive, are the owners, operators,
11  lessors, lessees, franchisors and/or franchisees of the subject Hotel, property, and
12  facilities which are the subject of this action. The Hotel, property, and facilities are
13  "public accommodations or facilities" subject to the requirements of California
14  Health & Safety Code §19955 et seq. and the California Civil Code's Unruh Act and
15  Disabled Person's Act. On information and belief, the Hotel, property, and facilities
16  have, since July 1, 1970, either been constructed and/or undergone "alterations,
17  structural repairs, or additions" subjecting them to disabled access requirements per
18  §19959 Health & Safety Code.

19     7.    The true names and capacities of Defendants DOES 11 through 25,
20  Inclusive, are unknown to Ms. Delil who therefore sues said Defendants by such
21  fictitious names; Ms. Delil is informed and believes that each of the Defendants
22  herein designated as a DOE is legally responsible in some manner for the events and
23  happenings herein referred to and the proximate cause of injury and damages to Ms.
24  Delil. Ms. Delil prays leave of Court to amend this Complaint to show such true
25  names and capacities when the same have been ascertained.

26     8.    Defendants and DOES 1-25, Inclusive, are and/or were the owners,
27  operators, lessors, lessees, franchisors and/or franchisees of the subject Hotel,
28  property, and facility during all times relevant to this Complaint. Ms. Delil is

Complaint Injunctive Relief, etc.        -3-

1   informed and believes that each of the Defendants herein is the agent, employee or
2   representative of each of the other Defendants, and performed all acts and omissions
3   stated herein within the scope of such agency or employment or representative
4   capacity and is responsible in some manner for the acts and omissions of the other
5   Defendants in proximately causing the damages complained of herein.

6        9.     Ms. Delil and other similarly situated physically disabled persons who
7   require the use of a wheelchair are unable to use public facilities on a "full and
8   equal" basis unless each such facility is in compliance with the provisions of Health
9   & Safety Code §19955 et. seq. Ms. Delil is a member of that portion of the public
10  whose rights are protected by the provisions of §19955 et seq. Health & Safety Code.
11  The acts and omissions of Defendants complained of herein were committed in the
12  City and County of San Francisco, State of California.

13       10.    §19955 Health & Safety Code was enacted "To ensure that public
14  accommodations or facilities constructed in this state with private funds adhere to
15  the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the
16  Government Code." Such public accommodations are defined to include Hotels.
17  Title 24, California Code of Regulations, formerly known as the California
18  Administrative Code, was in effect at the time of new construction and/or each
19  alteration which, on information and belief, occurred at such public facility since
20  July 1, 1982, thus requiring access complying with the specifications of Title
21   24whenever there is such new construction or whenever each such "alteration,
22  structural repair or addition" is carried out.  On information and belief, the original
23  construction of the building and/or subsequent alterations, structural repairs, or
24  additions which triggered access requirements also may have occurred between July
25  1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American
26  Standards Association) Regulations then in effect.

27       11.    Within the past two (2) years,  most recently on August 25, 2010, Ms.
28  Delil has encountered barriers to access at, and been denied full and equal access

Complaint Injunctive Relief, etc.        -4-

1 to, the public parking lot adjacent to the Hotel, the path of travel from the Hotel
2 covered parking lot to the rear entrance to the Hotel, the lift to the rear entrance to
3 the Hotel, the registration counter in the Hotel, the Hotel restaurant, and the Hotel
4 guest rooms, and has suffered discrimination and denial of her civil rights as a
5 result. As set forth more fully below, Ms. Delil has encountered numerous barriers
6 to access which discriminated against her and which has caused her difficulty:

7            A.     PUBLIC PARKING LOT

8         While in San Francisco during the summer of 2010 to attend a
9 performance at the nearby Orpheum theater, Ms. Delil found that the public parking
10 lot owned by defendant on the right hand side of Stevenson off 8th Street lacked
11 accessible parking for her wheelchair accessible van and, because she could not park
12 there, discriminated against her because of her disability and need for a wheelchair
13 for mobility.

14         On August 25, 2010,Ms. Delil arrived at the Hotel in her wheelchair
15 accessible van for an overnight stay and proceeded in her van on 8th Street to
16 Stevenson, where she turned right to park in the Hotel covered parking lot on the left
17 hand side of Stevenson, for guests staying at the Hotel. Ms. Delil observed that the
18 public parking lot owned by the owner of the Hotel on the right hand side of
19 Stevenson still lacked accessible parking for her wheelchair accessible van and
20 therefore continued to discriminate against her because of her disability and need for
21 a wheelchair for mobility.

22            B.     PATH OF TRAVEL FROM COVERED PARKING
                      LOT TO THE REAR ENTRANCE TO THE HOTEL
23                       AND LIFT AT THE REAR ENTRANCE

24         After parking in the Hotel's covered parking lot, Ms. Delil proceeded
25 in her wheelchair and with her luggage to the rear entrance to the Hotel on an
26 uneven path of travel and arrived at an area in the rear of the Hotel where she
27 encountered a steep ramp with a slope in excess of that required by federal and state
28 disabled access laws and regulations at the base of an "accessible" lift to gain entry

Complaint Injunctive Relief, etc.     -5-

1  into the Hotel which caused her difficulty in ascending in her wheelchair and which

2  discriminated against her because of her disability and need for a wheelchair for

3  mobility. In addition, because the lift is not independently operable as required by

4  federal and state disabled access laws and regulations, Ms. Delil was required to

5  contact Hotel staff to come to the rear of the Hotel, to wait for Hotel staff arrival, and

6  to depend on staff assistance to unlock and operate the lift so that she could enter the

7  Hotel, all of which discriminated against her because of her disability and need for

8  a wheelchair for mobility.

9              D.      LOBBY REGISTRATION COUNTER

10              After finally gaining entrance to the Hotel, Ms. Delil proceeded to the

11  registration counter, which did not have a lowered section as required by federal and

12  state disabled access laws and regulations for persons such as herself who use

13  wheelchairs, which caused her some difficulty, and which discriminated against her

14  because of her disability and need for a wheelchair for mobility.

15              E.      GUESTROOM

16              Although Ms. Delil found that the room to which she was assigned was

17  generally accessible,  she nevertheless understands  the guestroom has a security

18  chain at the door which is too high, a desk that does not  have required knee

19  clearance, drapery controls that required grasping and twisting to operate, and a floor

20  drain in the roll in shower with excessive adjacent slopes .

21              F.      RESTAURANT

22              Ms. Delil encountered tables in the Hotel restaurant which lacked the

23  knee clearance underneath required by federal and state disabled access laws and

24  regulations for persons such as herself who use wheelchairs This lack of knee

25  clearance  space  forced Ms. Delil to sit at an angle to the table,  caused

26  her some discomfort while dining at the table, and discriminated against her because

27  of her disability and need for a wheelchair for mobility.

28              12.      On  September 6, 2011 and for many months thereafter Ms. Delil

1 communicated with Hotel personnel by letter and e mail in an unsuccessful effort to

2 persuade  defendant voluntarily to bring the public  parking, path of travel, lift,

3 counter, and hotel guestrooms into compliance with federal and state disabled

4 access laws and regulations.

5      13.    In addition to the barriers to access that Ms. Delil personally

6 encountered or observed as set forth in paragraph 11, infra, Ms. Delil is informed

7 and believes and thereon alleges that the Hotel, property  and related facilities  have

8 other barriers to access that do no comply with  federal and state disabled access

9 laws and regulations, including but not necessarily limited to the concierge counter,

10 public restrooms, guestrooms in the Hotel other than the guestroom in which she

11 stayed, and signage.

12      14.    Ms. Delil has standing to require that Defendants  remove <u>all</u> mobility

13 barriers to access at the Hotel, property, and facilities and bring them into

14 compliance with federal and state disabled access laws and regulations. The Court

15 should require that  Defendants bring the Hotel, property, and related facilities  into

16 compliance with all applicable federal and state disabled  access laws and

17 regulations.

18      15.    Further, any violation of the Americans With Disabilities Act of 1990,

19 (as pled in the Second Cause of Action), the contents of which are repled and

20  incorporated herein), also constitutes a violation of California Civil Code's Unruh

21 Act and Disabled Person's Act, thus independently justifying an award of damages

22 and injunctive relief pursuant to California law.

23      16.    **INJUNCTIVE RELIEF:** Ms. Delil seeks injunctive relief to prohibit

24 the acts and omissions of Defendants as complained of herein which are continuing

25 on a day-to-day basis and have the effect of wrongfully excluding Ms. Delil and

26 other members of the public who are physically disabled wheelchair users from full

27 and equal access to the Hotel, property, and their facilities. Such acts and omissions

28 are the cause of humiliation and mental and emotional suffering of Ms. Delil in that

1 these actions continue to treat Ms. Delil as an inferior and second class citizen and
2 discriminates against her on the sole basis that she is a person with disabilities and
3 requires the use of a wheelchair for movement in public places; Ms. Delil is unable,
4 so long as such acts and omissions of Defendants continue, to achieve equal access
5 to and use of this Hotel, property, and and their facilities. Until Defendants make the
6 Hotel, property, and their facilities accessible to and useable by Ms. Delil, she is
7 deterred from returning to the Hotel, property, and their facilities. Ms. Delil wishes
8 to return to the Hotel, property , and facilities as soon as they are accessible to her
9 in compliance with federal and state laws and regulations.  The acts of Defendants
10 have proximately caused and will continue to cause irreparable injury to Ms. Delil
11 if not enjoined by this court.

12      17.    **DAMAGES:**  As a result of the denial of equal access to the Hotel,
13 property,  and their  facilities, and due to the acts and omissions of Defendants and
14 each of them in owning, operating, leasing, franchising, constructing, altering, and
15 maintaining the Hotel, property,  and facilities, Ms. Delil  suffered a violation of her
16 Civil Rights including but not limited to rights under Civil Code's Unruh Act and
17 Disabled Person's Act, and suffered physical injury, discomfort  and pain, mental
18 and emotional distress, embarrassment and humiliation, all to her damages as
19 hereinafter stated.  Defendants' actions and omissions constituted discrimination
20 against Ms. Delil on the sole basis that she is physically disabled and unable,
21 because of the architectural barriers created and/or maintained by the Defendants in
22 violation of the subject laws, to use the Hotel, property,  and their  facilities on a full
23 and equal basis as other persons. Ms. Delil also seeks trebling of all actual damages,
24 general and special, as provided by said Civil Code §54.3.

25      18.    **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and
26 conduct,  Ms. Delil  has been required to incur attorneys' fees, litigation expenses,
27 and costs as provided by statute, in order to enforce Ms. Delil's rights and to enforce
28 provisions  of the  law  protecting  access  for  disabled  persons  and  prohibiting

1 discrimination against disabled persons. Ms. Delil therefore seeks recovery of all
2 reasonable attorney's fees and costs, pursuant to the provisions of the federal
3 Americans With Disabilities Act and California Civil Code Statutes. Additionally,
4 Ms. Delil's lawsuit is intended not only to obtain compensation for damages to Ms.
5 Delil, but also to force the Defendants to make their facilities accessible to all
6 disabled members of the public, justifying "public interest" attorneys' fees, litigation
7 expenses and costs pursuant to the provisions of §1021.5 Code of Civil Procedure.

8     19. Ms. Delil asks this court to preliminarily and permanently enjoin any
9 continuing refusal by Defendants to grant access to Ms. Delil and to require
10 Defendants to comply with the applicable statutory and regulatory requirements
11 relating to access for disabled persons. Such injunctive relief is provided by §19953
12 Health & Safety Code and California Civil Code's Unruh Act and Disabled Person's
13 Act, and other law. Ms. Delil further requests that the court award damages
14 pursuant to California Civil Code's Unruh Act and Disabled Person's Act and other
15 law and statutory costs and attorney fees pursuant to §19953 Health & Safety Code,
16 the Unruh Act, the Disabled Person's Act, Code of Civil Procedure §1021.5, and
17 other law, all as hereinafter prayed for.

18     Wherefore Ms. Delil prays for relief as hereinafter stated:

19 **SECOND CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
20 **42 USC §12101FF**

21     20. Ms. Delil repleads and incorporates by reference, as if fully set forth
22 again herein, the allegations contained in Paragraphs 1 through 19 of this
23 Complaint, and incorporates them herein as if separately repled.

24     21. Pursuant to law, in 1990 the United States Congress made findings per
25 42 USC §12101 regarding physically disabled persons, finding that laws were
26 needed to more fully protect "some 43 million Americans [with] one or more
27 physical or mental disabilities;" that "historically society has tended to isolate and
28 segregate individuals with disabilities;" that "such forms of discrimination against

Complaint Injunctive Relief, etc. -9-

1   individuals with disabilities continue to be a serious and pervasive social problem;"
2   that "the Nation's proper goals regarding individuals with disabilities are to assure
3   equality of opportunity, full participation, independent living and economic self
4   sufficiency for such individuals;" and that "the continuing existence of unfair and
5   unnecessary discrimination and prejudice denies people with disabilities the
6   opportunity to compete on an equal basis and to pursue those opportunities for which
7   our free society is justifiably famous. . . ."

8       22.    Congress stated the following as its purpose in passing the Americans
9   with Disabilities Act (42 USC §12101(b)):

10      It is the purpose of this act

11      (1) to provide a clear and comprehensive national mandate for the
        elimination of discrimination against individuals with disabilities;
12
        (2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing
13      discrimination against individuals with disabilities;

14      (3) to ensure that the Federal government plays a central role in enforcing the
        standards established in this act on behalf of individuals with disabilities; and
15
        (4) to invoke the sweep of Congressional authority, including the power to
16      enforce the 14th Amendment and to regulate commerce, in order to address
        the major areas of <u>discrimination faced day to day</u> by people with disabilities.
17      (Emphasis added)

18      23.    As part of the Americans with Disabilities Act, Public Law 101-336,
19  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and
20  Services Operated by Private Entities" (42 USC 12181 ff). Among "private entities"
21  which are considered "public accommodations" for purposes of this title are a Hotel,
22  or other establishment serving food or drink. (§301(7)(B) and "...a Hotel, motel or
23  other place of lodging." (301 (7) (A).

24      24.    Pursuant to §302, 42 USC §12182, "No individual shall be
25  discriminated against on the basis of disability in the full and equal enjoyment of the
26  goods, services, facilities, privileges, advantages, or accommodations of any place
27  of public accommodation by any person who owns, leases, or leases to, or operates
28  a place of public accommodation."

25. Among the specific prohibitions against discrimination were included: §302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

§302(b)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

§302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of Defendants set forth herein were in violation of Ms. Delil's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

26. The removal of each of the barriers complained of by Ms. Delil were at all times mentioned "readily achievable" under the standards of the Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. On information and belief, access in certain particulars were also required by either new construction and /or alterations and additions to the premises occurring after January 26, 1993, pursuant to section 303 of the ADA (42 USC 12183).

27. As of the dates of Ms. Delil's stay at the Hotel, and as of the date of the filing of this Complaint, the premises denied full and equal access to Ms. Delil and to other disabled wheelchair users, violated Ms. Delil's rights to full and equal

Case4:11-cv-02929-DMR   Document1   Filed06/15/11   Page12 of 13

access, and discriminated against Ms. Delil on the basis of her disability, thus wrongfully denying to Ms. Delil the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182. Said premises continue on a day to day basis to deny Ms. Delil and other disabled persons such full and equal access.

28.     Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Ms. Delil is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Ms. Delil is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that she is about to be subjected to discrimination in violation of §302. On information and belief, Defendants have continued to violate the law and deny the rights of Ms. Delil and of other disabled persons to access this public accommodation since on or before Ms. Delil's visits. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

29.     Ms. Delil seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Ms. Delil is a person for purposes of Section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the facilities.

Wherefore Ms. Delil prays for relief as hereinafter stated:

### PRAYER

1.     Issue a preliminary and permanent injunction directing Defendants as owners, operators, lessors and /or lessees ,and/or franchisors and /or franchisees of the subject Hotel, property and facilities  to modify the above described Hotel,

Complaint Injunctive Relief, etc.        -12-

property, and facilities so that each provides adequate access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to provide facilities usable by Ms. Delil and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2.  Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3.  Award to Ms. Delil all appropriate damages, including but not limited to statutory damages, general damages and special damages in an amount within the jurisdiction of the Court, and treble damages pursuant to the California Civil Code.

4.  Award to Ms. Delil a reasonable attorneys' fees, litigation expenses, and costs of this proceeding as provided by federal and state law; and

5.  Grant such other and further relief as this Court may deem just and proper.

Dated: 6/15/11

SIDNEY J. COHEN
PROFESSIONAL CORPORATION


By _____
Sidney J. Cohen
Attorney for Plaintiff Hollynn Delil

## DEMAND FOR JURY TRIAL

Ms. Delil hereby demands a jury for all claims for which a jury is permitted.

Dated: 6/15/11

SIDNEY J. COHEN
PROFESSIONAL CORPORATION


By _____
Sidney J. Cohen
Attorney for Plaintiff Hollynn Delil

Complaint Injunctive Relief, etc.          -13-